UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUSTAR LIFE ASSURANCE CORPORATION,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>PHYLLIS TERRANA, et al.,<br><br>　　　　　　Defendants. | No. 2:24-cv-02096-DC-AC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR JUDGMENT IN INTERPLEADER<br><br>(Doc. No. 46) |

This matter is before the court on a motion for judgment in interpleader filed by Plaintiff on April 28, 2025. (Doc. No. 46.) As reflected in Plaintiff's memorandum and Defendants' statements of non-opposition, Defendants do not oppose Plaintiff's motion, including its request for an award of attorneys' fees in the amount of $15,000 as agreed upon by the parties.[1] (Doc. Nos. 47 at 2, 9; 58, 60, 61, 62.) Pursuant to Local Rule 230(g), the pending motion was taken under submission to be decided on the papers. (Doc. No. 56.) For the reasons explained below, Plaintiff's motion will be granted.

---

[1] Defendant Sherry Kunkle, who is proceeding *pro se*, did not file a response to Plaintiff's motion or a response to the court's order to show cause why defendants had failed to comply with Local Rule 230(c), (Doc. No. 56.) However, the other defendants represent that Plaintiff met and conferred with all parties regarding their motion, and "all parties ultimately agreed to the proposal regarding AuguStar's recovery of attorney fees." (Doc. Nos. 57 at 2; 59 at 4–5.)

1

# BACKGROUND

Plaintiff AuguStar Life Assurance Corporation ("AuguStar") filed this interpleader action on August 2, 2024 concerning the rights and obligations of four potential beneficiaries—Defendants Phyllis Terrana, Sherry Kunkle, Phillip Terrana, and Jeanette Peck—of a $525,000 life insurance policy issued to their mother, decedent Maxine Terrana ("the Policy"). (Doc. No. 1.) All four siblings were listed as primary beneficiaries on the Policy when it was issued in 2006, with proceeds to be shared equally. (*Id.* at ¶ 12.) Following Maxine Terrana's death in April 2024, each Defendant submitted a Death Claim Form to Plaintiff. (*Id.* at ¶¶ 15–17, 28, 29.) However, Defendant Phyllis Terrana, who also serves as the sole trustee of the Maxine E. Terrana Revocable Living Trust 2023 ("the Trust"), sent a letter to Plaintiff asserting that the Policy's death benefit should be distributed in accordance with Maxine Terrana's Last Will and Testament, which provides for her assets to be held and administered by the Trust. (*Id.* at ¶¶ 17–19.) Defendant Phyllis Terrana confirmed on July 10, 2024 in a phone call with Plaintiff's counsel that she is contesting the Policy's beneficiary designation and that "it is her position that Maxine Terrana intended the Policy's death benefit to be distributed in accordance with the terms of the Trust, even though the Trust was not named as a Policy beneficiary." (*Id.* at ¶ 30.)

Thus, Plaintiff AuguStar asserts that because each of the Defendants and the Trust have actual or potential competing claims to the Policy's proceeds, it "is unable to discharge its admitted liability under the Policy without exposing itself to multiple litigation, liability, or both." (*Id.* at ¶¶ 33–34.) Thus, Plaintiff AuguStar filed this interpleader action to deposit its admitted liability in the amount of $525,000.00, plus applicable interest, with the court and to obtain an order of judgment, including enjoining Defendants from bringing any claims against Plaintiff regarding the Policy proceeds and awarding attorneys' fees in the agreed amount of $15,000.00. (*Id.* at 6–8.)

On January 13, 2025, the court granted Plaintiff's motion to deposit its admitted liability with the Clerk of the Court, and Plaintiff deposited $531,470.07 on January 30, 2025. (Doc. Nos. 36, 43.)

On April 28, 2025, Plaintiff filed the pending motion for judgment in interpleader,

specifically requesting that: (i) the court grant judgment in favor of Plaintiff; (ii) enjoin Defendants from bringing any claims against Plaintiff related to the Policy, (iii) dismiss Plaintiff from this action, and (iv) award Plaintiff $15,000 in attorneys' fees actually incurred and agreed upon by the parties, to be deducted from the amount deposited with the court. (Doc. No. 47 at 9–10.) As noted above, Defendants do not oppose Plaintiff's motion. Indeed, in the joint status report filed by the parties on July 15, 2025, the parties state that "AuguStar's role in this litigation can be justly and expeditiously resolved by final judgment now" and the granting of Plaintiff's motion will "allow[] this Court to then determine how to distribute the deposited funds amongst the Defendants." (Doc. No. 59 at 4–5.) Further, the parties state they request that Plaintiff's motion "be resolved so it can be excused from this case, as a neutral stakeholder." (*Id.* at 4.) Lastly, the parties request that after Plaintiff's motion is resolved, the case be referred to a magistrate judge for a settlement conference. (*Id.*)

## LEGAL STANDARD

The federal interpleader statute provides that

> district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation . . . having issued a . . . policy of insurance . . . of $500 or more . . . if (1) Two or more adverse claimants, of diverse citizenship . . . are claiming or may claim to be entitled to . . . any one or more of the benefits arising by virtue of any . . . policy . . . ; and if (2) the plaintiff has deposited . . . the amount due under such obligation into the registry of the court, . . . .

28 U.S.C. § 1335(a). "Section 1335 allows a stakeholder to file an interpleader action to protect itself against the problems posed by multiple claimants to a single fund." *Minn. Mut. Life Ins. Co. v. Ensley*, 174 F.3d 977, 980 (9th Cir. 1999). "In an interpleader action, the 'stakeholder' of a sum of money sues all those who might have claim to the money, deposits the money with the district court, and lets the claimants litigate who is entitled to the money." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1265 (9th Cir. 1992). "Interpleader's primary purpose is not to compensate, but rather to protect stakeholders from multiple liability as well as from the expense of multiple litigation." *Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1034 (9th Cir. 2000).

"After determining an interpleader action's appropriateness, a court is entitled to

discharge a plaintiff-stakeholder who has no interest in the disputed funds." *Great Am. Life Ins. Co. v. Brown-Kingston*, No. 2:18-cv-02783-MCE-KJN, 2019 WL 8137717, at *1 (E.D. Cal. May 14, 2019). "A court should readily discharge a disinterested stakeholder from further liability absent a stakeholder's bad faith in commencing an interpleader action, potential independent liability to a claimant, or failure to satisfy requirements of rule or statutory interpleader." *OM Fin. Life Ins. Co. v. Helton*, 2:09-cv-1989-WBS, 2010 WL 3825655, at *3 (E.D. Cal. Sept. 28, 2010).

In addition, courts generally "have discretion to award attorney fees to a disinterested stakeholder in an interpleader action." *Abex Corp. v. Ski's Enters., Inc.*, 748 F.2d 513, 516 (9th Cir. 1984); *see also Penn-Star Ins. Co. v. Thee Aguila, Inc.*, No. 21-cv-9365-PSG-RAO, 2022 WL 17224687, at *5 (C.D. Cal. Mar. 29, 2022), aff'd sub nom. *Penn Star Ins. Co. v. Aguila*, No. 22-55664, 2023 WL 7101931 (9th Cir. Oct. 27, 2023) ("At the court's discretion, disinterested stakeholders may be awarded attorneys' fees in an interpleader action for the services of their attorneys in interpleading.").

## ANALYSIS

Here, the court finds that this interpleader action is appropriate as Plaintiff has satisfied the jurisdictional and statutory requirements. There is diversity of citizenship because Plaintiff is a citizen of Ohio and Defendants are citizens of California and Utah. (Doc. No. 1 at ¶¶ 1–6.) The amount due under the Policy exceeds $500—indeed, Plaintiff already deposited $531,470.07 in Policy proceeds plus interest into the court's registry. Further, the court finds that Plaintiff is a disinterested stakeholder who brought this action in good faith, given that all Defendants have actual and potential claims to the Policy proceeds, which gives rise to Plaintiff's legitimate fear of double liability and conflicting claims. *See Great Am. Life Ins. Co.*, 2019 WL 8137717, at *2 (finding the plaintiff insurance company's interpleader action "proper because it meets the statutory requirement for diversity and there was a fear of potential multiple litigation and claims"); *see also Sun Life Assur. Co. of Canada v. Chan's Est.*, No. 03-cv-2205-SC, 2003 WL 22227881, at *2 (N.D. Cal. Sept. 22, 2003) (finding the plaintiff insurance company "met its burden as a disinterested stakeholder" because it "entered this interpleader action for the sole purpose of determining the proper party to receive the [policy] proceeds, thereby avoiding future

4

claims and litigation").

Therefore, the court finds entry of final judgment as to Plaintiff to be appropriate and will grant Plaintiff's motion and discharge Plaintiff from liability, dismiss Plaintiff with prejudice from this action, and enjoin Defendants from bringing claims against Plaintiff related to the Policy. *See Great Am. Life Ins. Co.*, 2019 WL 8137717, at *3; *Sun Life Assur. Co. of Canada*, 2003 WL 22227881, at *2 (dismissing the plaintiff "from the present action without further costs or liability to any party and with prejudice" and entering "a permanent injunction preventing future claims against [the plaintiff] for benefits under the life insurance policy at issue in this matter").

In addition, the court finds in its discretion that an award of attorneys' fees in the amount of $15,000 is appropriate. *See Trs. of Dirs. Guild of Am.-Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 427 (9th Cir.), opinion amended on denial of reh'g, 255 F.3d 661 (9th Cir. 2000) (noting that "attorneys' fee awards to the 'disinterested' interpleader plaintiff are typically modest" and "because the attorneys' fees are paid from the interpleaded fund itself, there is an important policy interest in seeing that the fee award does not deplete the fund at the expense of the party who is ultimately deemed entitled to it"). First, Defendants do not oppose Plaintiff's motion, and indeed, the parties agreed upon the requested amount of $15,000, which is a reduction from the over $25,000 in attorneys' fees actually incurred by Plaintiff's counsel in this action. (*See* Doc. No. 47 at 9); *see also Nw. Mut. Life Ins. Co. v. Zatkulak*, No. 2:24-cv-01708-CKD, 2024 WL 4769217, at *2 (E.D. Cal. Nov. 13, 2024) (awarding requested amount of attorneys' fees as stipulated by the parties, even though Plaintiff's counsel did not provide declarations or billing statements to substantiate their request). Second, the court notes that $15,000 represents only 2.82 percent of the total deposited funds, and thus there is no risk of depleting the interpleaded funds by awarding $15,000 in attorneys' fees.

Accordingly, the court will grant Plaintiff's request for an award of $15,000 in attorneys' fees.

**CONCLUSION**

For the reasons explained above,

5

1. Plaintiff's motion for entry of interpleader judgment (Doc. No. 46) is GRANTED;

2. Plaintiff is discharged from liability and dismissed from this action with prejudice;

3. Defendants are enjoined from bringing any claims against Plaintiff related to the life insurance policy at issue in this matter;

4. Plaintiff is awarded $15,000.00 in attorneys' fees, to be paid out of the proceeds deposited with the Clerk of the Court;

5. The Clerk of the Court is directed to pay Plaintiff, making the check payable to "AuguStar Life Assurance Corporation" and mailed care of their counsel of record; and

6. In the parties' joint status report, Defendants request that this case be set for a settlement conference. (Doc. No. 59 at 4.) Accordingly, by separate order, the court will refer this matter to the assigned magistrate judge for the setting of a settlement conference.

IT IS SO ORDERED.

Dated:  **August 18, 2025**

Dena Coggins
United States District Judge